[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-11890
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 03, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00227-CR-J-33-MMH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EFREN ESCOBAR MENDOZA,
a.k.a. Juan Alberto Ramirez, Jr.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(December 3, 2007)**

Before TJOFLAT, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Appellant Efren Escobar Mendoza appeals his 135-month sentence for

(1) conspiring to distribute 50 grams or more of actual methamphetamine and 500 grams or more of a mixture containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), 846; and (2) possessing with intent to distribute 50 grams or more of actual methamphetamine and 500 grams or more of a mixture containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).

Mendoza arranged a drug transaction with a confidential source ("CS") that was to take place in Jacksonville, Florida. Mendoza enticed codefendant Sergio Nazario to accompany him on the trip from Haines City, Florida, to Jacksonville, Florida, for the drug transaction by offering to forgive a debt that Nazario owed to Mendoza. Mendoza wanted Nazario to serve as a "lookout" during the drug transaction and, when the men arrived in Jacksonville, Nazario did serve as a lookout. Nazario stated that Mendoza told him that the purpose of the trip was to pick up or deliver money.

On appeal, Mendoza asserts that the district court clearly erred in finding that he acted as a leader or supervisor in the offense because: (1) he was not working with or for others who needed additional recruits to ensure the success of a common and unlawful plan; (2) he merely asked Nazario to accompany him on the trip to Jacksonville, and Nazario did not know that the purpose of that trip was

2

to deliver drugs; (3) by accompanying Mendoza on the trip, Nazario satisfied his debt to Mendoza and had no further obligation to assist him; (4) there was no evidence that Mendoza had physical, verbal, or mental control over Nazario; and (5) Nazario stood to gain nothing from assisting Mendoza with the drug transaction.

In a challenge to the application of the guidelines, we review the district court's findings of fact for clear error and review the district court's application of the guidelines to those facts *de novo*. *United States v. Mandhai*, 375 F.3d 1243, 1247 (11th Cir. 2004). The guidelines provide that the sentencing court should increase a defendant's offense level by two levels if the defendant was an organizer, leader, manager, or supervisor in any jointly undertaken criminal activity that did not involve five or more participants or was not otherwise extensive. U.S.S.G. § 3B1.1(c). A defendant's "assertion of control or influence over only one individual is enough to support a § 3B1.1(c) enhancement." *United States v. Jiminez*, 224 F.3d 1243, 1251 (11th Cir. 2000). In *Jiminez*, we determined that the district court did not clearly err in finding that the defendant exercised influence or control over his girlfriend where the evidence showed that (1) the girlfriend had to consult with the defendant before agreeing to sell drugs; and (2) the girlfriend consulted with the defendant during her telephone

conversations regarding drug transactions. *Id.* Similarly, evidence that a defendant recruited one individual is sufficient to support a § 3B1.1(c) enhancement. *See Mandhai*, 375 F.3d at 1248. In *Mandhai*, we held that the district court did not clearly err by imposing a leadership-role enhancement where the defendant recruited one individual, prompted him to purchase weapons, and briefed him on a bombing plot. We observed that "[n]othing more was required" to establish the enhancement. *Id.*

Because the record demonstrates that Mendoza (1) recruited Nazario; (2) exerted influence or control over Nazario; and (3) organized the drug transaction in which Nazario participated, we conclude that the district court did not clearly err in finding that Mendoza was a leader in the conspiracy. *See Mandhai*, 375 F.3d at 1248; *Jiminez*, 224 F.3d at 1251; U.S.S.G. § 3B1.1(c). Accordingly, we affirm Mendoza's sentence.

**AFFIRMED.**